**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| In re: TRANSPERFECT GLOBAL, INC. | ) ) ) ) | C.A. No. 9700-CM |
| ELIZABETH ELTING, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | C.A. No. 10449-CM |
| PHILIP R. SHAWE and SHIRLEY SHAWE, | ) ) ) | |
| Respondents, | ) ) | |
| and | ) ) | |
| TRANSPERFECT GLOBAL, INC., | ) ) | |
| Nominal Party. | ) | |

**ORDER DENYING APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

1.     TransPerfect Global, Inc. ("TransPerfect") has applied (the "Application") for certification of interlocutory appeal of this court's August 7, 2023 letter decision (the "August 7 Decision"), August 16, 2023 implementing order (the "August 16 Order"), and September 22, 2023 letter decision (the "September 22 Decision," and collectively, the "Decisions").[1]

---

[1] C.A. No. 9700-CM, Docket ("Dkt.") 1782, Application for Certification of Interlocutory Appeal; *In re TransPerfect Global, Inc.*, 2023 WL 5017248 (Del. Ch. Aug. 7, 2023) (Aug. 7 Decision); Dkt. 1766 (Aug. 16 Order); *In re TransPerfect Global, Inc.*, 2023 WL 6387785 (Del. Ch. Sept. 22, 2023) (Sept. 22 Decision). Civil Action Numbers 9700-CM and 10449-CM have been litigated in a coordinated fashion since their inception. Docket entries cited in this decision refer to C.A. No. 9700-CM.

2.     The August 7 Decision overruled in large part TransPerfect's objections to Former Custodian Robert Pincus's fee petitions for legal expenses incurred between January 2021 and March 2023.[2]  The August 16 Order implemented the August 7 Decision.[3]  The September 22 Decision denied TransPerfect's motions for reargument, clarification, entry of final judgment, and stay pending appeal.[4]

3.     Supreme Court Rule 42 governs applications for interlocutory appeals, requiring that they be filed within "10 days of the entry of the order from which the appeal is sought" and establishing a two-step test for determining whether to certify interlocutory appeal.[5]  Rule 42 cautions that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[6]  This language from Rule 42 serves as an interpretive principle, requiring that the court interpret the factors such that interlocutory appeals are the exception and not the routine.[7]

4.     TransPerfect's application fails under Rule 42 because it was not filed within ten days of the September 22 Decision.  As computed under Supreme Court

---

[2] Aug. 7 Decision, at *6.

[3] Aug. 16 Order at 1.

[4] Sept. 22 Decision, at *2–4.

[5] Supr. Ct. R. 42(c)(i).

[6] Supr. Ct. R. 42(b)(ii).

[7] *See also* Supr. Ct. R. 42(b) (stating that "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal"); 2 Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.04[c] (2d ed. 2022).

Rule 11, ten days from September 22 was October 2.[8]  TransPerfect filed its application on October 6.  Although Rule 42 provides that this limitation can be overcome by a showing a good cause,[9] TransPerfect has not argued good cause for its delay, nor is the court able to find good cause.

5.  Because TransPerfect did not satisfy the procedural requirements of Rule 42,[10] the Application is denied.[11]

*/s/ Kathaleen St. Jude McCormick*
Chancellor Kathaleen St. Jude McCormick
Dated: October 23, 2023

---

[8] Supr. Ct. R. 11(a) (providing that, "[w]hen the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and other legal holidays shall be excluded in the computation").

[9] Supr. Ct. R. 42(c)(i) (requiring that an application for certification of interlocutory appeal be "filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown").

[10] *See J.C. Opco, LLC v. Hudson Hosp. Holdco, Inc.*, 284 A.3d 725, 2022 WL 4451489, at *1 (Del. Sept. 23, 2022) (TABLE) (refusing interlocutory appeal where the appellant failed to show good cause for its untimely application).

[11] TransPerfect attempted to appeal the Decisions to the Delaware Supreme Court while the Application was pending.  On October 20, 2023, the Delaware Supreme Court entered an Order rejecting TransPerfect's argument that the Decisions were reviewable under the collateral-order doctrine and dismissing the appeal. *TransPerfect Global, Inc. v. Robert Pincus*, No. 335, 2023, Dkt. 11 ¶ 9 (Del. Oct. 20, 2023).  The high court further noted in the October 20 Order that the Application was untimely.  *Id.* ¶ 9 & n.9.  Although that ruling appears to have resolved the Application, the court issues this Order in abundance of caution and to comply with Rule 42's mandate that this court decide, as it has here, the merits of an application for certification of interlocutory appeal.  Supr. Ct. R. 42(c).